WILLIAM H. MAYBIN v. CITY OF BILOXI.

1. MUNICIPALITIES. *Municipal bonds. Issuance for two purposes. Election.*

   The validity of municipal bonds is not affected by the fact that their issuance was authorized by an election at which the issuance of other bonds was also voted upon.

2. SAME. *Paving particular streets. General tax.*

   Municipal bonds may be issued for the purpose of paving the streets in the business portion of the municipality; and a tax can be rightfully laid upon all the taxable property in the municipality to pay them.

FROM the chancery court of Harrison county.

HON. NATHAN C. HILL, chancellor.

Maybin, the appellant, was the complainant in the court below; the city of Biloxi was defendant there. The facts are stated in the opinion of the court.

*W. H. Maybin, pro se.*

A city is powerless to hold two elections for the issuance of two different and distinct sets of bonds at the same time, at the same place, with the same polling booths and the same election officers. A joint election might become a subterfuge to carry one election wherein a matter of greater importance was concealed in the lesser, and the will and determination of the voter greatly affected by his desire for the issuance of one set of bonds and carelessness as to the other.

The city of Biloxi is without authority to levy a tax general in its operation for an improvement local in confines except upon express legislative authority, and such authority is not conferred upon any city by the code chapter on municipalities, and there is no act of the legislature conferring this authority upon the city of Biloxi.

77 Miss.—43

*W. A. White,* for appellee.

As to the first question raised by appellant, that two elections were held at the same time and place, I submit there is no law requiring elections for bonds to be held separate from other elections, and even if the same ballot and the same boxes had been used in both elections, it would not have affected the valid-ity of the election, just so the voter was permitted to vote for or against either measure, as he might desire.

There is nothing in appellant's contention that the city could not collect a general tax, to be used in improvements only in a part of the city. Even if the whole of the proceeds of said bonds should be used in constructing the pavement contem-plated, it would not affect the validity of the bonds.

TERRAL, J., delivered the opinion of the court.

Maybin, a taxpayer of the city of Biloxi, sued out an in-junction against the collection of any taxes to pay certain bonds issued by the city. The taxes are claimed to be illegal on two grounds: (1) Because at the election, when the prop-osition for the issuance of the bonds was voted on and carried, a proposition for the issuance of bonds for the building of a bridge across the Back Bay of Biloxi was also voted on; (2) because a tax is laid upon all property in the city to pave only for a short distance three or four streets of the city.

It appears to us that the city of Biloxi has power to levy a tax upon all the taxable property of the city to pave the streets of the city or any part of them, and we see nothing unjust in the exercise of the power in the present instance. It seems to us reasonable that the paving of the streets in the heart of the business portion of the city with vitrified brick should be a charge upon the common treasury, though other streets are not so paved. It inures to the convenience and advantage of all citizens alike, and should be a common charge to all.

The fact that at the election at which a proposition for the

issuance of bonds for paving the streets was voted on, a proposition for the issuance of bonds for the building of a bridge over the Back Bay of Biloxi was also voted on, does not, in our opinion, render the election void, or affect the validity of the bonds. The submission of two propositions for the issuance of bonds in both cases at one election was a matter of convenience and advantage of the electors, which does not, in our view, affect the bonds with any infirmity whatever. We can imagine no error in the proceeding, and we can presume no bad motive without adequate proof of such presumption.

*Affirmed.*